UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

Richard & Susan Rondeau
Debtor(s).

Case No. 11-51808
Chapter 7
Hon. Shefferly

REAFFIRMATION AGREEMENT WITH
Michigan Catholic CREDIT UNION

### PART A: BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES

**Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.**

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreement to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

8. Miscellaneous questions and information:
    *Your right to rescind (cancel) your reaffirmation agreement.* You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60 day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind

1

(cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (canceled).

***What are your obligations if you reaffirm the debt?*** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

***Are you required to enter into a reaffirmation agreement by any law?*** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

***What if your creditor has a security interest or lien?*** Your bankruptcy discharge does not eliminate any lien on your property. A lien is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code

AMOUNT REAFFIRMED: $ _3939.67_ is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.

ANNUAL PERCENTAGE RATE: _8.0_ %

Simple Interest Rate: N/A

Variable Interest Rate: N/A

Your debt is secured by a security interest, which has not been waived in whole or in part, or determined to be void by a final order of the court at the time of this disclosure. The undersigned creditor is asserting a security interest of lien in goods for some or all of the debts you are reaffirming as follows:

ITEM OF COLLATERAL: _2003 Buick Century_

ORIGINAL LOAN AMOUNT: $ _10,118.28_

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $ _189.98_ per month and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount,

2

plus interest, is paid in full. All of the terms of the original loan agreement which are not inconsistent with this Agreement shall remain in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: 2003 Buick Century
The original amount financed was: $ 10,118.28. The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreements and security agreements shall continue in full force and effect.

NOTE: When this disclosure refers to what a creditor may do, it does not use the word may to give the creditor specific permission. The word may is used to tell you what might occur if the law permits the Creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the Reaffirmation Agreement is held.

## PART B: TERMS OF REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in monthly installments of $ 189.98 per month and a like sum shall be due on the same day of each month thereafter until the entire reaffirmed amount, plus interest, is paid in full. All of the terms of the original loan agreement which are not inconsistent with this Agreement shall remain in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: 2003 Buick Century
The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreements and security agreements shall continue in full force and effect.

Description of any changes to the credit agreement made as part of this reaffirmation agreement: None

Dated: 6/10/11

Borrower: _____, Debtor

Co-Borrower _____, Debtor

Date:
/S/ _____ (P67169)
THE LEDUC GROUP, PLLC, Attorney for Creditor
4 Parklane Blvd, Ste 350
Dearborn, MI 48126
313-914-5846
cfrank@theleducgroup.com

3

## PART C: CERTIFICATION OF DEBTOR'S ATTORNEY (IF ANY):

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

X Date: 6/8/11 _____
Attorney for Debtor

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT *WITH* A CREDIT UNION:

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

X Date: 6/10/11 _____           _____
       Debtor                                       Debtor

### *Alternate Part D:* DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT WITH NON-CREDIT UNION CREDITOR:

I believe this reaffirmation agreement will not impose an undue hardship on my dependants or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if explained to the satisfaction of the court how I can afford to make the payments here:

_____
_____
_____

4